IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DENVER W. BLEVINS,          )
                            )
        Plaintiff,           )
                            )
    v.                      )       1:14CV911
                            )
OLIVER WASHINGTON, et al.,  )
                            )
        Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a filing labeled as a "Motion Under Rule 60(b) of the Federal Rules of Civil Procedure," together with an application to proceed *in forma pauperis*  The caption of the document also identifies it as being filed in a state court criminal case from 1993, which means that it could not be brought under Rule 60(b) in this Court because only civil judgments entered by this Court can be challenged under that rule in this Court.  The document states in its body that it aims to correct defects in multiple other cases, only one of which, 1:98CV383, is a case filed and decided in this Court.   That action resulted in the denial of a petition for habeas corpus filed by Plaintiff under 28 U.S.C. § 2254.  See Blevins v. North Carolina Attorney General, No. 99-7663, 2000 WL 432402 (4th Cir. April 20, 2000) (unpublished) (denying a certificate of appealability and dismissing Plaintiff's appeal of the denial).  However, Plaintiff's filing is still not a proper filing under Rule 60(b) as to that action.  He alleges

a wide-ranging, years-long, conspiracy by state actors to commit fraud, alter his pleadings, and restrict his access to various state and federal courts. However, his specific allegations allege behavior taking place either before the denial of his habeas petition, in which case he could have raised them at that time, or taking place after the denial of his habeas petition, in which case the actions could not have affected the judgment in that case. Further, it mainly appears that he seeks to litigate matters that either were or could have been covered in his habeas petition and that have nothing to do with any potential defect in the prior judgment. This is not appropriate under Rule 60(b). Plaintiff's filing is not a proper Rule 60(b) motion in this Court, but should be denied to any extent that it might be so construed.

Plaintiff's filing also seeks his release from prison and raises claims that resemble a habeas petition under § 2254. However, as just noted, Plaintiff already pursued such a petition without success. Therefore, he cannot file a second or successive petition in this Court without first receiving authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244. Because Plaintiff does not allege receiving such an authorization, the filing should be dismissed to the extent that it may be a habeas petition under § 2254.

Finally, Plaintiff alleges that Defendants and others acted in concert to deny him his constitutional right of access to the Courts. For that reason, the Court treated his filing as a civil rights action pursuant to 42 U.S.C. § 1983. Nevertheless, the filing is

still not proper because the Complaint is not on the forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e). More importantly, pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had at least three cases dismissed on the grounds that they were frivolous. See Blevins v. Delforge, N0. 3:06CV258-MU-02, 2006 WL 1744293 (W.D.N.C. June 22, 2006) (unpublished) (dismissing a case alleging a large conspiracy by state actors as frivolous, noting two such prior dismissals, and stating that Plaintiff will have three such dismissals under § 1915(g) going forward). Plaintiff's allegations contain no facts to support any imminent danger of serious physical injury.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint and is accompanied by the $400.00 filing fee. Alternatively, Plaintiff may choose to proceed with a petition under § 2254 if he receives authorization

from the Fourth Circuit for such a petition. If Plaintiff seeks to pursue one of these courses of action, he should contact the Clerk's Office to receive the proper forms for the type of action he wishes to file and then use them to complete his filing.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing an appropriate action, using the correct forms, and in accordance with the instructions set out above.

This, the 9th day of January, 2015.

                                        /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge